IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN T. BAKER,
                        Plaintiff,

     v.                                    CASE NO.07-3127-SAC

EL DORADO CORRECTIONAL FACILITY, et al.,
                        Defendants.


JOHN T. BAKER,
                        Plaintiff,

     v.                                    CASE NO.07-3278-SAC

RAY ROBERTS, et al.,
                        Defendants.


**O R D E R**

Before the court are two complaints filed pro se under 42 U.S.C. § 1983 by a Kansas prisoner, and plaintiff's motions for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*Consolidation of the Complaints*

In each of the two complaints, plaintiff seeks damages for the violation of his constitutional rights by an officer's alleged malicious use of excessive force against plaintiff during a single incident on January 15, 2007.  The court thus finds it appropriate to consolidate the two complaints into a single action, subject to one district court filing fee.  The defendants named in the consolidated action are the El Dorado Correctional Facility

("EDCF"), EDCF Warden Ray Roberts,[1]

EDCF Staff Sergeant Hennessy, and EDCF Correctional Officers House and Hyser.

*Leave to Proceed In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this consolidated civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[2] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*Screening of the Consolidated Complaint*

Because plaintiff is a prisoner, the court is required to screen the consolidated complaint and to dismiss it or any portion

---

[1] The court corrects plaintiff's spelling of the EDCF Warden's name in 07-3127-SAC, wherein plaintiff identifies the Warden as "Ray Robertson." Plaintiff correctly identifies the EDCF Warden in 07-3278-SAC.

[2] *See* Baker v. Williams, Case No. 07-3093-SAC (remainder of $350.00 district court filing fee).

thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

A constitutionally cognizable claim under 42 U.S.C. § 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In the consolidated complaint, plaintiff claims Sgt. Hennessey deliberately slammed plaintiff's hand in the bean hole and forcibly held it in place for several minutes to intentionally cause plaintiff pain and injury. Plaintiff also claims Correctional Officer Hyser observed this misconduct and failed to take corrective action. On these allegations, the court finds at least three of the named defendants are subject to being summarily dismissed because no cognizable claim for relief under 42 U.S.C. § 1983 is stated.

EDCF should be summarily dismissed from the consolidated complaint because the correctional facility itself is not an entity that can sue or be sued, and is not a "person" within the meaning of 42 U.S.C. § 1983. *See e.g.*, Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit").

EDCF Warden Roberts is subject to being summarily dismissed because plaintiff's allegations are insufficient to state a claim for relief against this defendant. Plaintiff alleges no personal participation by this defendant in the alleged use of excessive

3

force, and may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976). *See also* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under 42 U.S.C. §1983 must be based on personal involvement in the alleged constitutional violation."); Jenkins v. Wood, 81 F.3d 988, 994- 95 (10th Cir. 1996) ("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.") (internal citation omitted).

Likewise, Correctional Officer House is subject to being summarily dismissed because plaintiff alleges no misconduct by this defendant, and thus no personal participation by this defendant in any violation of plaintiff's constitutional rights.

For these reasons, the court directs plaintiff to show cause why these three defendants should not be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

IT IS THEREFORE ORDERED that the two cases captioned herein are consolidated on the court's motion.

IT IS FURTHER ORDERED that plaintiff's motions for leave to proceed in forma pauperis in each case are granted, with payment of a single $350.00 district court filing fee in the consolidated action to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the El Dorado Correctional Facility, EDCF Warden Roberts, and Correctional Officer House should not be

dismissed as defendants from this consolidated action, pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED.**

DATED:  This 13th day of March 2008 at Topeka, Kansas.

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge