DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOHN T. BAKER,**

      **Plaintiff,**

    v.                                                                            **Case No. 07-3127-JWL-DJW**

**(FNU) HENNESSY, Sergeant,**
**in his individual and official capacity, et al.,**

      **Defendants.**

## ORDER

Pending before the Court is Plaintiff's Motion to Appoint Counsel (doc. 43). Plaintiff filed a similar motion seeking appointment of counsel on May 2, 2008, which the Court denied on May 16, 2008 (*see* doc. 13).

As the Court stated in its May 16, 2008 Order, a party has no constitutional right to appointment of counsel in a civil case such as this.[1] The court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e).[2] The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the district court.[3]

---

[1] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[2] *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

[3] *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir.1991).

In determining whether to appoint counsel, the district court should give careful consideration to all of the circumstances, including whether the plaintiff has a colorable claim.[4] If the Court finds that the plaintiff has a colorable claim, the court should "consider the nature of the factual issues raised in the claims and ability of the plaintiff to investigate the crucial facts."[5] The court should also consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[6]

The Court has reviewed the file in light of these factors. The Court does not find that there has been any change in circumstances that would support the appointment of an attorney at this juncture in the case. As the Court found in its Order denying the first motion for appointment of counsel, the factual and legal issues raised by this lawsuit are not complex, and it appears that Plaintiff is capable of representing himself. The Court, in its discretion, concludes that appointment of counsel is not warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (doc. 43) is denied.

---

[4] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citations omitted).

[5] *Id.* (citations omitted)

[6] *Id.*

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 10th day of April 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties